MELLOY, Chief District Judge,
dissenting.
The Court holds that John A. Scott’s loan became due for purposes of determining eligibility for bankruptcy discharge on the date that Scott’s first installment payment was due. Because I disagree with this interpretation of Scott’s student loan promissory note and would find that Scott’s loan became due on the date his grace period expired, I respectfully dissent.
When interpreting the promissory note, the Court highlights that Scott promised to *791 “begin repayment of this loan, in periodic installments, after the completion of the grace period.” The Court then emphasizes that Scott promised to contact the lender before his grace period expired in order to negotiate the terms of repayment, and that if he failed to do so, he authorized “the lender to establish repayment terms ... without my further approval.” Because Scott agreed to repay his loan in periodic installments, and because he did not contact the lender before his grace period expired, the Court concludes that Scott’s loan became due on the date that the lender established that his first installment payment was due: December 28, 1984.
I respectfully disagree with this interpretation of the terms of the promissory note. Even though Scott agreed to begin repayment of his loan “in periodic installments,” that phrase does not mean that his loan became due on the date that the first installment was due. Rather than establishing the date that the loan first became due, the phrase “in periodic installments” simply specified the method by which Scott was to repay his loan: instead of repaying his loan in one lump sum, he could repay it in installments.
Scott’s ability to repay his loan in installments did not alter the fact that his loan became due “after the completion of the grace period.” Similarly, Scott’s failure to contact the lender prior to the expiration of the grace period did not alter the fact that his loan became due when the grace period expired. Just as Scott had a right to repay his loan in installments, so the lender had a right to establish a repayment schedule after Scott failed to contact the lender before the grace period had expired. The lender’s unilateral right to establish a repayment schedule did not alter the fact that Scott’s loan became due when the grace period expired.
In Brinzer, neither party in that case disputed that “the promissory note specified that the repayment period was to commence nine months after the borrower ceased studies.” 45 B.R. at 832. The Brinzer court also stated that the “note by its terms established when repayment obligations would start and there is no evidence or indication that [the lender] had the contractual right to unilaterally suspend the repayment for a period of time.” Id. This Court interprets Brinzer to mean that when a promissory note gives a lender a unilateral contractual right to establish a repayment schedule, the date that the lender decides the first installment is due is the date that the loan first becomes due for purposes of bankruptcy discharge eligibility. I disagree with this interpretation and would find that Brinzer simply stands for the proposition that if a promissory note establishes when repayment obligations are to begin, that is the date when the loan first becomes due. In Brinzer’s case, the note established that repayment obligations would start nine months after the borrower ceased studies. 45 B.R. at 832. In Scott’s case, the note specified that Scott must begin repayment of his loan “after the completion of the grace period.” Seott’s loan therefore became due on the date his grace period expired.
I would therefore affirm the judgment of the bankruptcy court and the district court.